Judson H. Henry, Esq. (SBN 226743)
LAW OFFICE OF JUDSON H. HENRY
660 Auburn Folsom Road, Suite 202
Auburn, CA  95603
Ph.: (530) 889-8449
Fax: (530) 889-2639
E-mail:  jhhenry2000@yahoo.com

[Proposed] Attorney for Debtor-in-possession Sarah Ann Garlick

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>　　　　SARAH ANN GARLICK,<br><br>　　　　　　　Debtors in Possession | Case No.:　2011-40365<br>DC No.:　JHH-1<br><br>Date:　　　　December 11, 2012<br>Time:　　　　9:32 a.m.<br>Courtroom No.: 32<br>Judge:　　　Hon. Thomas Holman<br><br>United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA  95814 |

**MOTION TO INITIATE STAY [11 U.S.C. § 362(c)(4)(B)]**

11 U.S.C. § 362(c)(4)(A)(i) provides that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707 (b), the stay under subsection (a) shall not go into effect upon the filing of the later case."  In conjunction with this, 11 U.S.C. § 362(c)(4)(B) provides that "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

//

The Court in *In re Ferguson* 376 B.R. 109 (Bankr.E.D.Pa.2007) a decision analyzed and rendered very shortly after this new statutory subsection were introduced in BAPCPA, thoroughly analyzed the meaning of "good faith" as used in 11 U.S.C. § 362(c)(4)(B), thoroughly surveying the various tests courts have employed in assessing whether a debtor's bankruptcy filing is in good faith and observed that courts have considered as many as fourteen (14) factors in assessing good faith. See *In Re Ferguson* 376 B.R. At 121-24. The Court found, for purposes of determining "good faith" as required under 11 U.S.C. § 362(c)(4)(B), that it is most appropriate to employ the more concise formulation expressed in *In re Sarafoglou*, 345 B.R. 19 (Bankr.D.Mass.2006) [an earlier decision on a debtor's motion brought pursuant to 11 U.S.C. § 362(c)(4)(B)]. In *Sarafoglou*, the court stated that to establish his or her good faith, a debtor must show that he or she:

    1. filed the case " to obtain legitimate bankruptcy law protection" ;

    2. " is eligible for such protection and relief" ;

    3. " is pursuing such protection and relief honestly" ; and

    4. " has sufficient resources to render [the] pursuit thereof meaningful" .

Thereafter, further opinions rendered on 11 U.S.C. § 362(c)(4)(B), in articulating their analysis of the above, analyze and speak of the "subjective good faith" of the prior filings and the "objective good faith" of the current filing. This analysis in the *Ferguson* case cited above, led the Court to conclude the Debtor's performance in the prior case, her efforts to improve her financial situation in connection with the Present Case and the absence of evidence of any of the factors tending to suggest bad faith (e.g., dishonest schedules, preferential treatment of creditors or some other manipulation of the provisions of the Bankruptcy Code) lead the conclusions, without hesitation, that the Debtor filed the Present Case in subjective good faith. As for the Debtor's objective good faith, the Court found the Debtor's income to be adequate to provide the Present Case with a reasonable likelihood of success and so the case was filed in objective good faith. "This history convinces me that the Debtor is sincere in her desire to employ the Bankruptcy Code for its intended rehabilitative purpose. In short, I am convinced, based on the Debtor's financial situation, that her proposed plan has an objective, reasonable probability of

success, further contributing to my conclusion that she filed the Present Case in good faith. *In re Ferguson* 376 B.R. 109 (Bkrtcy.E.D.Pa. 2007). Another Court, which granted a Debtor's motion to initiate say, did so because of its conclusions that [1] the facts indicated that the effort to reorganize is not objectively futile, and [2] on balance, there does not appear to be an abuse of the bankruptcy process such that the court can find subjective bad faith. *In re Hurt* 369 B.R. 274 (Bkrtcy.W.D.Va. 2007).

The Debtors filed a second Chapter 13 bankruptcy case, Case No. 6:06-bk-01657-ABB ("Case II") on July 11, 2006 due to the Debtor, Mr. Schroeder, obtaining employment with sufficient income to comply with a Chapter 13 plan. This case was filed on an emergency basis on the eve of their home foreclosure. Case II was subsequently dismissed on August 8, 2006, because the debt counseling requirement had not been completed prior to filing. The Debtors filed the above-captioned Chapter 13 Case ("Case III"). The Debtors have established the filing of Case III was in good faith as to all creditors and reinstatement of the automatic stay is appropriate. *In re Schroeder*, 356 B.R. 812 (Bkrtcy.M.D.Fla. 2006).

In this case, the presence of three prior filings within the one-year prior to the current filing is caused solely by inadvertence/bungling by Debtor's prior counsel, and nothing more than this, with absolutely no dishonest schedules, preferential treatment of creditors or some other manipulation of the provisions of the Bankruptcy Code, or any indicia of abuse of the bankruptcy process of any kind to any extent whatsoever. Furthermore, Debtor has substantially increased her income since the time of the three prior filings with very concretely-based and reasonably expectation of even further improvement in early 2013. Therefore, Debtor filed the current case in good faith, both subjectively and objectively, and now requests under 11 U.S.C. § 362(c)(4)(B) that the Court order the automatic stay to take effect in the current case as to all creditors.

//
//
//
//

I. **DEBTOR CLEARLY ESTABLISHES SUBJECTIVE GOOD FAITH BECAUSE THE PRIOR FILINGS ARE SOLELY THE RESULT OF INEFFECTIVE CONDUCT AND REPRESENTATION OF PRIOR COUNSEL RATHER THAN ANY ACTUAL OR EVEN INTENDED ABUSE OF THE BANKRUPTCY PROCESS BY DEBTOR.**

In another case, which is directly on point, the Court expressed it as an important point of concern that parties not suffer merely because of the inadvertence of their counsel. Sections 362(c)(3)(C)(i)(II)(aa) & 362(c)(4)(D)(i)(II) indicate that "negligence by the debtor's attorney" does not require "substantial excuse" by the party seeking to establish the good faith of a repeat filing. *In re Whitaker* 341 B.R. 336 (Bkrtcy.S.D.Ga. 2006).

Here, the negligence by debtor's attorney John Fennacy is legion. As clearly set forth in the supporting declaration of Sarah Ann Garlick, as well as revealed by basic facts contained in PACER in the three relevant prior cases, what essentially occurred is Debtor's prior counsel simply failed to file Debtor's counseling certificate, despite Debtor completing the course and personally providing the certificate to prior counsel. The third prior case would likely have also been dismissed, had replacement counsel not simply filed proof of completion of the course, well after the filing of the case and half a year after Debtor's completion of the course.

While not binding authority on this Court, the reasoning and rule articulated by the Southern District of Georgia is eminently reasonable. The result of the prior history is a Debtor with three prior case numbers within the last year – simply because an attorney failed to file proof of completion of credit counseling (as well as many other improperly completed or not-filed schedules/documents). This is not bad faith on the part of Debtor, who in fact did complete the course, as well as provide all other required documents as requested, and who was nonetheless completely dependent on her attorney to simply file these documents.

This instant case presents the same situation, and to a degree that can only be characterized as extreme, if not shocking, and so certainly "substantial excuse" should not be required here to establish good faith of a repeat filing.

//

//

//

II. **DEBTOR CLEARLY ESTABLISHES OBJECTIVE GOOD FAITH IN THE PRESENT FILING BECAUSE SHE WAS NEVER ADVISED ON THE AVAILABILITY OF REORGANIZATION IN HER [INEFFECTIVE] REPRESENTATION AT THE TIME OF ALL HER PRIOR FILINGS, HER INCOME AND PROSPECTS FOR FUTURE INCOME HAVE BOTH SUBSTANTIALLY IMPROVED SINCE THE TIME OF THE PRIOR FILINGS, AND DEBTOR HAS FILED THE CURRENT CASE WITH BOTH THE INTEND AND THE MEANS TO PERFORM A PLAN OF REORGANIZATION.**

When the Debtor demonstrates the resources to propose a plan to reorganize debts utilizing her net disposable income, even if not previously present, this establishes objective good faith in the current filing and so the initiation of a stay pursuant to 11 U.S.C. § 362(c)(4)(B) is appropriate. *In re Sarafoglou* 345 B.R. 19 (Bkrtcy.D.Mass 2006). In this case, the elimination of a major expense (Debtor's daughter's college tuition) was a major factor; here a similar factor on the income side exists, namely the prior blockage of Debtor's education course income which is now entirely freed up and will generate substantial income starting January 2013.

Debtor was until recently struggling in her property rehabilitation business, during 2011 and most of 2012, even suffering losses in two instances. However, very recently she has engaged in six new rehabilitation projects, and each and every one of these is now progressing very well and in various stages of actual rehabilitation. These are all proceeding as expected, each with high likelihood of being lucrative, and each will generate profit starting in no more than several weeks and continuing from there for several months. Based on current market conditions for the property rehabilitation business and Debtor's own recent actual performance therein, her greatly improved performance will in all likelihood continue ongoing in 2013.

Because Debtor has now overcome a major roadblock to promoting and earning income from her education course, her second business activity, and is now well underway in actively establishing and promoting courses, Debtor will recommence earning income from these course in January 2013, and this will further increase her income substantially. This income stream was completely closed off to Debtor through most of 2012 and is now entirely freed up and not restricted. Several seminars and courses are now far along in their planning stage, and in all likelihood income from the same will commence in January 2013.

//

## CONCLUSION

Debtor did nothing previously to suggest subjective bad faith in her prior filings; the multiple past filings result from nothing more than a prior attorney failing to complete rudimentary tasks. Part of this failure was the failure to advise/educate Debtor regarding reorganization, and this in spite of Debtor's starting intent and desire, prior to her first filing, to restructure her secured debt. Debtor now has the means and a concretely-founded basis to believe she has the means to successfully reorganize, to successfully perform a plan, and she has the good faith intent to do so. Accordingly, this Motion to Initiate Stay should be granted in order to provide Debtor the relief required to – finally – have her actual first opportunity to do so.

**WHEREFORE,** Debtor respectfully requests the Court grant her Motion and initiate a stay under 11. U.S.C. § 362 as to all Creditors, and as to the Debtor personally, all Debtor's property and the bankruptcy estate in its entirety.

Dated: November 27, 2012

By: ____/s/ Judson H. Henry_____
  Judson H. Henry,
  [Proposed] Attorney for Debtor-in-possession