1  Judson H. Henry, Esq. (SBN 226743)
   LAW OFFICE OF JUDSON H. HENRY
2  660 Auburn Folsom Road, Suite 202
   Auburn, CA  95603
3  Ph.: (530) 889-8449
   Fax: (530) 889-2639
4  E-mail:  jhhenry2000@yahoo.com

5  **[Proposed] Attorney for Debtor-in-possession Sarah Ann Garlick**

6  **IN THE UNITED STATES BANKRUPTCY COURT**

7  **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

8  **SACRAMENTO DIVISION**

9

10  In re:

11       SARAH ANN GARLICK,

12          Debtors in Possession

| | |
|---|---|
| Case No.: | 2011-40365 |
| DC No.: | JHH-1 |
| Date: | December 11, 2012 |
| Time: | 9:32 a.m. |
| Courtroom No.: | 32 |
| Judge: | Hon. Thomas Holman |

United States Courthouse
501 I Street, 6th Floor
Sacramento, CA  95814

17  **DECLARATION OF SARAH ANN GARLICK IN SUPPORT OF**

18  **MOTION TO INITIATE STAY [11 U.S.C. § 362(c)(4)(B)]**

19      Debtor-in-possession SARAH ANN GARLICK makes the following statements in

20  support of Debtor's Motion to to Initiate Stay (the "Motion"), as follows:

21      1.    I make the following statements based on my personal knowledge of the facts.  If

22  called to testify I could and would testify competently to the facts set forth in this declaration.

23      2.    I am the Debtor-in-possession in this Chapter 11 proceeding.   I filed this

24  bankruptcy case under Chapter 11 on November 21, 2012.

25      3.    Very early in 2012, I retained attorney John Fennacy to represent me with my

26  financial struggles, and likely in bankruptcy.  The reality of my financial situation at this time

27  was that I needed to wipe out any unsecured debts and restructure any secured debts in order to

28  get a fresh start.  I always intended on completing and going through with any requirements

1

placed on my part.  Upon filing for bankruptcy, I truly needed the help of the bankruptcy courts and never intended any incomplete or frivolous filings.

4.  At this time, in the earlier portions of 2012, I did not having any knowledge of the bankruptcy procedures at all, and I relied wholly and was completely dependent upon John Fennacy to guide and represent me through the process.  This is why I hired an attorney.

5.  I at all times always provided to John Fennacy all information and document copies, everything he asked for, in a complete and timely manner.

6.  The first case John Fennacy represented me in was Case No. 12-40218, in the Northern District of California.  I filed this case on January 10, 2012, and the Court dismissed it on January 27, 2012, only 17 days after I filed it.  When this case was dismissed, John Fennacy provide me no explanation, stating he did not know why.

7.  Without explaining to me any that implication or adverse consequences may arise from multiple filings, I was simply assured I may refile without consequence.  My second filing, Case No. 41481, also in the Northern District of California, at least proceeded to my "341 Meeting," at which John Fennacy, miraculously, did attend.  At the 341 Meeting, the trustee requested additional documentation, yet only several days later this case was also dismissed, without reason or explanation as I could understand at the time.  Once again, John Fennacy also offered no explanation and did nothing more than indicate he did not know what was going on.

8.  Once again assured of no adverse implications or consequences, I filed again for the third time, this time Case No. 12-27861 in the Eastern District of California.  This time, only severaly days prior to the 341 Meeting, John Fennacy sent me a letter stating he had withdrawn as my counsel effective immediately.  A true and correct copy of this letter is attached hereto and incorporated herein as Exhibit 1.  I was left to represented myself at my 341 meeting.  However, as I now understand it, John Fennacy never brought a Motion to Withdraw with the Court, and so at the time of my 341 Meeting, John Fennacy was still my attorney of record.  I attended my 341 Meeting by myself [June 1, 2012],  after having attempted to notify the trustee [Mr. John Roberts] ahead of time as to what had happened.  At the 341 Meeting, as I understand it, Mr. John Roberts could not proceed with questioning due to the fact that John Fennacy was at this

2

time still my attorney of record, yet John Fennacy was not present.  John Roberts found this very unacceptable and made statements about contemplating obtaining a bench warrant for John Fennacy; I am informed and believe that all statements during a 341 meeting are recorded and a matter for record.  At this time, Mr. John Roberts continued my 341 meeting.  With this time-reprieve, I quickly thereafter retained new counsel, who substituted in as attorney of record.

9.    My replacement attorney, Dean Feldman, when approved by the Court as my replacement attorney [Case No. 12-27861, docket no. 21], essentially had to prepare and file amended version of my entire case [docket nos. 22-31].  In particular, Mr. Feldman was required to file "Exhibit D – Statement of Compliance as to Debtor with or without Certificate of Credit Counseling" [docket no. 25].  I have reviewed the docket summary of Case No. 12-27861, and a true and correct copy is attached hereto and incorporated herein as Exhibit 2.

10.    The fact of the matter is I had completed my credit counseling requirement all the way back in February 2012, immediately upon actually learning of this and its requirement.  I not only completed the course, I obtained my own certificate, and I delivered a copy of the actual certificate to John Fennacy.  A true and correct copy of my February 17, 2012 Certificate of Counseling is attached hereto and incorporated herein as Exhibit 3.  A true and correct copy of my February 17, 2012 e-mail attaching and delivering this Certificate of Counseling to John Fennacy is attached hereto and incorporated herein as Exhibit 4.

11.    I only later learned, via PACER, that failure to file documents was the reason for the dismissal of my first case.  While the docket for this case no. 12.40218 is no longer available, "dismissed for failure to file information" is noted.  I have reviewed this docket report, and a true and correct copy is attached hereto and incorporated herein as Exhibit 5.

12.    I only later learned, via PACER, that the docket history of my second case includes an entry "Notice of Deficiency of Financial Management Course" entered only three days before the dismissal of the case.  While the docket for this case no. 12-41481 is no longer available, its history is available.  I have reviewed this history report, and a true and correct copy is attached hereto and incorporated herein as Exhibit 6.

//

13. Based on all of the above, I am informed and believe that, in addition to possibly many other reasons completely unknown to me, my multiple filings resulted from the simply unwillingness or inability of John Fennacy to file my credit counseling certificate. I am at this date further informed and believe that had my replacement attorney not done this on my behalf, half a year later in August 2012, my third case would have been dismissed as well.

14. I was unaware at the time, and only learned within the past several days, that the improper filings precluded my right to an automatic stay.

15. I was unaware at the time, and only learned recently, that reorganization is what I required from the start, in order to reorganize my secured debt.

16. Consequent to my own business efforts, and in spite of all of the above, I have over the course of 2012 been able to increase my business transactions and income. I am in the business of, on the behalf of property owners/investors, rehabilitating properties for resale. I select candidate properties on behalf of these investors for their purchase, and then assess and design appropriate repairs, rehabilitation, and improvement, and then finally sell the property for a profit, a portion of which is paid to me by the property owners/investors. I have increased my quantity of these contracts throughout 2012, which has now resulted in substantially improved income.

17. For most of this year, through October 2012, I rehabbed and sold 7 properties. However, two of these were very much less than ideal on which in the end I took a loss. While the other five were profitable, the were substantially offset by the two negative equity deals, and my income was very poor in the first three quarters of 2012, as it had been in 2011. However, contrasted with this, very recently I have entered into commitments with a total of six properties, each now various stages of rehabilitation. These are all proceeding as expected, each with high likelihood of being lucrative, to be completed as soon as a few weeks and all reasonably likely within three months. Based on current market conditions for the property rehabilitation business, I can very anticipate, at a minimum, another six projects within the early part of 2013.

18. My second business activity, closely related to the first, is that I teach course/conduct seminars on the rehabilitation of houses. I was unable to engage in this business at all during

**Motion to Initiate Stay – JHH-1 – Sarah Garlick Declaration**
**In re Sarah Ann Garlick; Case No. 2012-40365**

most of 2012, due to my being party to a prior contract which provided my prior distributor exclusive rights to market my courses, covering essentially all of my intellectual property.  The problem arose when my prior distributor ran into difficulties that resulted in entirely ineffective marketing of my courses and hence a complete loss of income on my part from this activity.  Nonetheless,  I have very recently successfully negotiated a formal final and complete termination of this contract, and I am now, on my own behalf, marketing via multiple channels, including website marketing, as well as the assistance of marketing professionals.   Several seminars and courses are now far along in their planning stage, and very concrete, and thus I anticipate a resumption in this income, and hence a substantial increase in my total income, starting in January 2013.

19.  Based on the foregoing, I have greatly increased my income during the Q4 of 2012 relative to 2011 and the first three quarters of 2012.  A steady stream of profits will continue coming in from my property rehabilitation business, and in addition revenues from my educational classes will resume very early in 2013.  Based on this, I am confident that I will be able to fully perform a chapter 11 plan, and it is fully me purpose on filing this case and my intention to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  November 27, 2012

By: _____/s/ Sarah Ann Garlick_____
       Sarah Ann Garlick, Debtor and Declarant

5

**Motion to Initiate Stay – JHH-1 – Sarah Garlick Declaration**
**In re Sarah Ann Garlick; Case No. 2012-40365**

# EXHIBIT 1

# PENNACY LAW

500 MORRO BAY BLVD.
MORRO BAY, CALIFORNIA 93442
(805) 772-3800
FAX: (805) 772-3899

May 15, 2012

Sarah Garlick
2664 14th Street
Sacramento, CA 95818

> RE:   Withdrawal from representation

Dear Ms. Garlick:

This is to notify you that this office is withdrawing from representation relative to your Chapter 7 Bankruptcy matter and any matter relating to real property litigation. This decision to not continue with representation is not made on the merits of your case but rather are a business decision of my office. Any used costs will be returned to you, which I believe amount to $395.00, along with a complete copy of your file.

Because my office is the attorney of record, I will need to withdrawal as such with the bankruptcy court. A creditors meeting is scheduled for June 1, 2012 at 10:00 am, at 501 I Street, Room 7-B, Sacramento, CA.

I advise you to seek alternate legal advice immediately as your case may have certain deadlines which may affect you.

I wish you all the best in the future.

Sincerely,

John P. Pennacy, Esq.

# EXHIBIT 2

# U.S. Bankruptcy Court [LIVE-CM 4.3]
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 12-27861

*Date filed:* 04/24/2012
*Date terminated:* 09/14/2012
*Debtor discharged:* 08/13/2012

*Assigned to:* Hon. Thomas Holman
Chapter 7
Voluntary
No asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Sarah Ann Garlick**
2664 14th Street
Sacramento, CA 95818
SACRAMENTO-CA
SSN / ITIN: xxx-xx-1548
*aka* **Sarah Ann Garlick**
916-799-4884

represented by **Dean W Feldman**
22693 Hesperian Blvd #240
Hayward, CA 94541
510-782-6212

**John P Fennacy**
500 Morro Bay Blvd
Morro Bay, CA 93442
805-704-8077
*TERMINATED: 07/13/2012*

**Trustee**
**John R. Roberts**
PO Box 1506
Placerville, CA 95667
530-626-4732

**U.S. Trustee**
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| Filing Date | # | Docket Text |
|---|---|---|
| 04/24/2012 | | Case participants added via Case Upload. (Entered: 04/24/2012) |
| 04/24/2012 | 1 | Chapter 7 Voluntary Petition. Missing Document(s): Verification and Master Address List due by 05/01/2012; Statement of SSN - Form B21 due by 05/01/2012. (Entered: 04/24/2012) |
| 04/24/2012 | | Meeting of Creditors to be held on 06/01/2012 at 10:00 AM at Meeting Room 7-B. Last day to oppose discharge: 07/31/2012. (ltas) (Entered: |

Case 12-40365   Filed 11/27/12   Doc 11

| | | 04/24/2012) |
|---|---|---|
| 04/24/2012 | 2 | Notice of Appointment of Interim Trustee John R. Roberts (auto) (Entered: 04/24/2012) |
| 04/24/2012 | 3 | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. (ltas) (Entered: 04/24/2012) |
| 04/24/2012 | 1 | Verification of Master Address List (ltas) (Entered: 04/24/2012) |
| 04/24/2012 | | Chapter 7 Voluntary Petition (Filing Fee Paid: $306.00, Receipt Number: 2-12-11182) (auto) (Entered: 04/24/2012) |
| 04/25/2012 | 4 | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (lars) (Entered: 04/25/2012) |
| 04/25/2012 | 6 | BNC 341 Notice Requested (CMX) (Entered: 04/25/2012) |
| 04/25/2012 | 5 | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 04/25/2012) |
| 04/25/2012 | 7 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/27/2012) |
| 04/25/2012 | 8 | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/27/2012) |
| 04/25/2012 | 9 | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/27/2012) |
| 05/01/2012 | 10 | Verification and Master Address List Re: 1 Voluntary Petition (lars) (Entered: 05/02/2012) |
| 05/01/2012 | 11 | Statement of Social Security Number(s) (lars) (Entered: 05/02/2012) |
| 05/08/2012 | 12 | Certificate of Credit Counseling as to Debtor (lars) (Entered: 05/09/2012) |
| 05/08/2012 | 13 | Amended/Modified 1 Voluntary Petition (lars) (Entered: 05/09/2012) |
| 05/08/2012 | 13 | Amended Disclosure of Attorney Compensation (lars) (Entered: 05/09/2012) |

Case 12-40365    Filed 11/27/12    Doc 11

| 05/08/2012 | 13 | Amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A (lars) (Entered: 05/09/2012) |
|---|---|---|
| 05/08/2012 | 13 | Amended Summary of Schedules Statistical Summary Schedules A - J Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (lars) (Entered: 05/09/2012) |
| 05/08/2012 | 13 | Statement of Intention (lars) (Entered: 05/09/2012) |
| 05/08/2012 | 13 | Amended Verification and Master Address List (lars) (Entered: 05/09/2012) |
| 06/05/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 06/01/2012. Debtor Appeared; Counsel Did Not Appear; Continued Meeting of Creditors to be held on 6/29/2012 at 12:00 PM at Meeting Room 7-B. (Roberts, John) (Entered: 06/05/2012) |
| 06/28/2012 | 14 | Financial Management Course Certificate(s) as to Debtor (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 15 | Amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 16 | Amended Disclosure of Attorney Compensation (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 17 | Statement of Intention (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 18 | Amended Summary of Schedules Statistical Summary Schedules A - J (Filing Fee Not Paid or Not Required) (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 19 | Amended Verification and Master Address List (Fee Paid $30) (lars) (Entered: 06/29/2012) |
| 06/28/2012 | 20 | Amended Statement of Social Security Number(s) (lars) (Entered: 06/29/2012) |
| 06/29/2012 | | Filing Fee Due RE: AMENDMENT (smis) (auto) (Entered: 06/29/2012) |
| 06/29/2012 | | Account Receivable Fee Paid ($30.00, Receipt Number: 2-12-17378) (auto) (Entered: 06/29/2012) |
| 07/02/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 06/29/2012. Debtor Appeared; Counsel Appeared; Continued Meeting of Creditors to be held on 8/3/2012 at 12:00 PM at Meeting Room 7-B. (Roberts, John) (Entered: 07/02/2012) |

Case 12-40365    Filed 11/27/12    Doc 11

| | | |
|---|---|---|
| 07/02/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 06/29/2012. Debtor Appeared; Counsel Appeared; Continued Meeting of Creditors to be held on 8/3/2012 at 12:00 PM at Meeting Room 7-B. (Roberts, John) (Entered: 07/02/2012) |
| 07/13/2012 | [21](#) | Motion/Application to Substitute Attorney Filed by Debtor Sarah Ann Garlick (lars) (Entered: 07/16/2012) |
| 07/13/2012 | [21](#) | Order Granting [21](#) Motion/Application to Substitute Attorney. Attorney Dean W Feldman for Sarah Ann Garlick added to the case. (lars) (Entered: 07/16/2012) |
| 08/02/2012 | [22](#) | Amended/Modified [1](#) Voluntary Petition (lars) (Entered: 08/02/2012) |
| 08/02/2012 | [23](#) | Amended Verification and Master Address List (Fee Paid $0.00) (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [24](#) | Amended Statement of Social Security Number(s) (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [25](#) | Exhibit D - Statement of Compliance as to Debtor with or without Certificate of Credit Counseling (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [26](#) | Amended Statistical Summary Schedules A - J and Summary of Schedules (Form B6) (Filing Fee Not Paid or Not Required) (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [27](#) | Amended Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [28](#) | Amended Statement of Intention (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [29](#) | Amended Disclosure of Attorney Compensation (Filing Fee Not Paid or Not Required) (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [30](#) | Notice to Individual Consumer Debtor (ltas) (Entered: 08/03/2012) |
| 08/02/2012 | [31](#) | Amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A (ltas) (Entered: 08/03/2012) |
| 08/03/2012 | | Filing Fee Due RE: AMENDMENT (ltas) (auto) (Entered: 08/03/2012) |
| 08/07/2012 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 08/03/2012. I, John R. Roberts, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; |

Case 12-40365    Filed 11/27/12    Doc 11

| | | |
|---|---|---|
| | | and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 415004.00, Assets Exempt: Not Available, Claims Scheduled: $ 907500.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 907500.00. (Roberts, John) (Entered: 08/07/2012) |
| 08/08/2012 | 32 | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 09/07/2012. (Admin) (Entered: 08/08/2012) |
| 08/08/2012 | 33 | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/10/2012) |
| 08/10/2012 | | Account Receivable Fee Paid ($30.00, Receipt Number: 2-12-20899) (auto) (Entered: 08/10/2012) |
| 08/13/2012 | 34 | Order Discharging Debtor as Transmitted to BNC for Service (Admin.) (Entered: 08/13/2012) |
| 08/13/2012 | 35 | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/15/2012) |
| 09/14/2012 | 36 | Bankruptcy Case Closed. Final Decree as Transmitted to BNC for Service (Admin.) (Entered: 09/14/2012) |
| 09/14/2012 | 37 | Certificate of Mailing of Final Decree as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/16/2012) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/26/2012 19:38:51 | | |
| **PACER Login:** | jh2427 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 12-27861 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Links : included Headers: included Format: html |

# EXHIBIT 3

Certificate Number: 12459-CAN-CC-017375987



12459-CAN-CC-017375987

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>February 17, 2012</u>, at <u>8:29</u> o'clock <u>AM PST</u>, <u>Sarah Garlick</u> received from <u>Abacus Credit Counseling</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Northern District of California</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>February 17, 2012</u>          By: <u>/s/Laura M Ahart</u>

Name: <u>Laura M Ahart</u>

Title: <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# EXHIBIT 4

**YAHOO!** MAIL *Classic*

---

**FW: pre-filing certificate**                                    Monday, November 26, 2012 8:34 PM

  **From:** "Sarah Garlick" <sgarlick@sbcglobal.net>
    **To:** "'Judson Henry'" <jhhenry2000@yahoo.com>
         1 File (54KB)



         pre-filing c...

---

**From:** Sarah Garlick [mailto:sgarlick@sbcglobal.net]
**Sent:** Friday, February 17, 2012 8:33 AM
**To:** 'John Fennacy'
**Subject:** pre-filing certificate

For your records.

---

# EXHIBIT 5

Case 12-40365    Filed 11/27/12    Doc 11    Debtor, MEANSU, DISMISSED, CLOSED

# U.S. Bankruptcy Court
# Northern District of California (Oakland)
## Bankruptcy Petition #: 12-40218

|  |  |
|---|---|
|  | *Date filed:* 01/10/2012 |
| *Assigned to:* Judge Edward D. Jellen | *Date terminated:* 01/30/2012 |
| Chapter 7 | *Debtor dismissed:* 01/27/2012 |
| Voluntary |  |
| No asset |  |

*Debtor disposition:* Dismissed for Failure to File Information

**Debtor**
**Sarah Ann Garlick**
1 Lakeside Dr. #809
Oakland, CA 94612
ALAMEDA-CA
SSN / ITIN: xxx-xx-1548

represented by **John P. Fennacy**
Fennacy Law
500 Morro Bay Blvd.
Morro Bay, CA 93442
(800) 240-0861
Fax : (805) 772-3899

**Trustee**
**Michael G. Kasolas**
P.O. Box 26650
San Francisco, CA 94126
(415) 504-1926

**U.S. Trustee**
**Office of the U.S. Trustee/Oak**
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612
(510) 637-3200

# There are proceedings for case 12-40218 but none satisfy the selection criteria.

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/26/2012 19:44:02 | | | |
| **PACER Login:** | jh2427 | **Client Code:** | |

# EXHIBIT 6

Case 12-41481    Filed 11/26/12    Doc 11

**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Roger L. Efremsky
**Date filed:** 02/17/2012 **Date of last filing:** 04/11/2012
**Debtor dismissed:** 04/06/2012
**Date terminated:** 04/09/2012

# History

| Doc. No. | Dates | Description |
|---|---|---|
| | *Filed & Entered:* 02/17/2012 | ● Meeting (Chapter 7) |
| | *Filed & Entered:* 02/17/2012 | ● Receipt Number and Filing Fee |
| 1 | *Filed & Entered:* 02/17/2012 | ● Voluntary Petition (Chapter 7) |
| 2 | *Filed:* 02/17/2012 *Entered:* 02/21/2012 | ● Statement of Social Security Number |
| 3 | *Filed & Entered:* 02/22/2012 | ● Generate 341 Notices |
| 4 | *Filed & Entered:* 02/22/2012 | ● Order to File Missing Documents |
| 5 | *Filed & Entered:* 02/24/2012 | ● BNC Certificate of Mailing - Meeting of Creditors |
| 6 | *Filed & Entered:* 02/24/2012 | ● BNC Certificate of Mailing |
| | *Filed & Entered:* 03/15/2012 | ● Debtor's Failure to File Tax Documents |
| 7 | *Filed & Entered:* 03/15/2012 | ● Order and Notice Regarding Failure to Submit Tax Returns |
| 8 | *Filed & Entered:* 03/18/2012 | ● BNC Certificate of Mailing |
| | *Filed & Entered:* 03/21/2012 | ● 341 Meeting of Creditors Continued |
| 9 | *Filed & Entered:* 04/03/2012 | ● Notice of Deficiency Financial Management Course |
| | *Filed & Entered:* 04/04/2012 | ● 341 Meeting of Creditors Continued |
| 10 | *Filed & Entered:* 04/05/2012 | ● Notice of Order |
| 12 | *Filed & Entered:* 04/06/2012 | ● BNC Certificate of Mailing |
| 14 | *Filed:* 04/06/2012 *Entered:* 04/09/2012 | ● Order to Dismiss Case |
| 13 | *Filed & Entered:* 04/07/2012 | ● BNC Certificate of Mailing - Order for Debtors to Appear |
| | *Filed & Entered:* 04/09/2012 | ● Close Bankruptcy Case |
| | *Filed & Entered:* 04/10/2012 | ● Chapter 7 Trustee's Report of No Distribution |
| 15 | *Filed & Entered:* 04/11/2012 | ● BNC Certificate of Mailing - Notice of Dismissal |
| 16 | *Filed & Entered:* 04/11/2012 | ● BNC Certificate of Mailing |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/26/2012 19:46:34 | | |
| **PACER Login:** | jh2427 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 12-41481 Type: History |